**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus,<br><br>        Plaintiff,<br><br>v.<br><br>UnitedHealth Group,<br><br>        Defendant. | No. CV-25-03758-PHX-SMB<br><br>**ORDER** |

Pending before the Court is *pro se* Plaintiff Myrna de Jesus's Complaint (Doc. 1), and Application for Leave to Proceed In Forma Pauperis (Doc. 2). After screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court **dismisses** the Complaint for the reasons explained below.

## I.     LEGAL STANDARD

When a plaintiff seeks to proceed in forma pauperis the Court must review the complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II. DISCUSSION

Plaintiff asserts the following counts against Defendant UnitedHealth Group: (1) breach of employment contract; (2) slander; and (3) negligence. (Doc. 1 at 6–7.) The Court finds Plaintiff fails to state a claim for relief as to each count.

### A. Breach of Employment Contract

Plaintiff claims Defendant "knowingly and willingly breached Plaintiff's written employment agreement." (Doc. 1 at 6.) The Court finds that Plaintiff's claim is barred by res judicata. *Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.").

The Supreme Court has held "as a matter of federal common law that the preclusive effect of a federal judgment entered in a diversity case is governed by 'the law that would be applied by state courts in the State in which the federal diversity court sits.'" *Rose Ct.,*

1. *LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 687 (9th Cir. 2024) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). Here, another Arizona federal court previously entered final judgment against Plaintiff and Defendant while sitting in diversity jurisdiction. *See de Jesus v. UnitedHealth Grp.*, No. CV-25-02701-PHX-KML, 2025 WL 2194794, at *2 (D. Ariz. Aug. 1, 2025) ("*de Jesus I*"). Thus, the Court will apply Arizona law when determining the preclusive effect of this judgment.

In Arizona, "[u]nder the doctrine of res judicata, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (quoting *Gilbert v. Bd. of Med. Exam'rs of Ariz.*, 745 P.2d 617, 622 (Ariz. Ct. App. 1987), *superseded by statute on other grounds as stated in ABC Sand & Rock Co. v. Maricopa County*, No. 1 CA-CV 21-0108, 2022 WL 553167, at *3 (Ariz. Ct. App. Feb. 24, 2022)). "This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points that might have been litigated." *Id.* (quoting *Gilbert*, 745 P.2d at 622).

In the previous litigation, Plaintiff brought a breach of employment contract claim against Defendant. *See de Jesus I*, 2025 WL 2194794, at *2. There, Plaintiff argued that Defendant "knowingly and willfully breached" an employment agreement by "unjustifiably" terminating Plaintiff. *Id.* at *1. She claimed this termination "was accompanied by racially discriminatory and derogatory remarks" in violation of Arizona and federal law. *See id.* Plaintiff informed the court that Defendant terminated her on March 2, 2021, but she did not bring suit until July 2025. *Id.* at *2. The court dismissed the claim with prejudice because Plaintiff filed the claim outside of the one-year statute of limitations. *Id.*; *see also Ariz. Rev. Stat.* § 12-541(3) (stating that a action for "breach of an oral or written employment contract" must be "prosecuted within one year after the cause of action accrues"). This dismissal was a judgment on the merits. *480 Motors, L.L.C. v. City of Phoenix*, No. 1 CA-CV 11-0410, 2012 WL 2002954, at *3 (Ariz. Ct. App. June

5, 2012) ("Dismissal of a claim on statute of limitations grounds is a final judgment on the merits for purposes of claim preclusion."); *see also Roden v. Roden*, 243 P. 413, 415 (1926) ("A judgment of dismissal 'with prejudice' is the same as a judgment for defendant upon the merits, and, of course, is res judicata as to every matter litigated.").

Here, Plaintiff brings the same cause of action against the same party as before. Because the previous judgment was on the merits, res judicata precludes Plaintiff from relitigating that cause of action here.

Accordingly, Plaintiff fails to state a claim for breach of contract.

Plaintiff also appears to bring a discriminatory wrongful termination claim. Plaintiff states Defendant violated the Arizona Civil Rights Act ("ACRA"), the Arizona Employment Protect Act ("AEPA"), and Title VII of the Federal Civil Rights Act of 1964. (Doc. 1 at 6.) Regardless of res judicata, these claims are also time-barred.

To bring an ACRA claim against an employer, a plaintiff must file a charge of discrimination within 180 days of the alleged unlawful employment practice. Ariz. Rev. Stat. § 41-1481(A); *see also Terry v. United Parcel Serv. Inc.*, No. CV-17-04792-PHX-DJH, 2018 WL 8619996, at *2 (D. Ariz. Oct. 4, 2018). A "non-timely complaint" is fatal to a court's jurisdiction over an ACRA claim. *Ornealas v. SCOA Indus., Inc.*, 587 P.2d 266, 267 (Ariz. Ct. App. 1978).[1] To bring a Title VII claim against an employer, a plaintiff must file a charge with the EEOC within 180 days of the violation or 300 days if first filed with a state or local agency. *Bond v. Wells Fargo Bank NA*, 782 F. Supp. 3d 743, 752–53 & n.3 (D. Ariz. 2025). Plaintiff failed to bring a wrongful termination action within either timeline.

Accordingly, Plaintiff fails to state a claim for wrongful termination under the ACRA, AEPA, or Title VII.[2]

---

[1] In Arizona, the ACRA precludes a claim for discriminatory termination under the AEPA. *See Taylor v. Graham Cnty. Chamber of Com.*, 33 P.3d 518, 522 (Ariz. Ct. App. 2001) ("The [AEPA] does not provide a back door method of suing [a defendant] in tort for wrongful termination in violation of ACRA or its public policy."). Therefore, Plaintiff's AEPA claim is precluded.

[2] Plaintiff appears to argue equitable tolling: "Plaintiff recently discovered that Defendant's actions violated public policy through its discriminatory breach of contract." (Doc. 1 at 6.) The Court disagrees. In the previous litigation, Plaintiff alleged racial

- 4 -

**B. Slander**

Plaintiff argues Defendant, "during Plaintiff's period of employment," "knowingly and maliciously published multiple false and defamatory statements concerning Plaintiff." (Doc. 1 at 6.) The Court finds that these claims are also precluded by res judicata.

In the previous litigation, Plaintiff alleged Defendant "published multiple false and defamatory statements" at the time of her employment. *See de Jesus I*, 2025 WL 2194794, at *1. The Court held that Plaintiff was time barred from suing for statements made at the time of her employment. *Id.* at *2; *see also Ariz. Rev. Stat.* § 12-541(1) (stating that a party must commence "within one year after the cause of action accrues" an action for "libel or slander"). The Court then granted Plaintiff leave to amend her complaint "[t]o the extent plaintiff may be attempting to allege [Defendant] repeated the statements more recently than March 2021." *de Jesus I*, 2025 WL 2194794, at *2. Plaintiff's amended complaint reiterated "the same March 2021 statements the court already identified as untimely" so the Court dismissed Plaintiff's slander claim with prejudice. *de Jesus v. United Health Grp.*, No. CV-25-02701-PHX-KML, 2025 WL 2431790, at *2 (D. Ariz. Aug. 22, 2025) ("*de Jesus II*").

Here, Plaintiff again brings a slander cause of action against Defendant. Because the previous court's dismissal was on the merits, re judicata precludes this claim. It matters not that Plaintiff alleges different slanderous statements than those litigated in the previous case because preclusion applies "not only upon facts actually litigated but also upon those points that might have been litigated." *See Olson*, 188 F.3d at 1086 (quoting *Gilbert*, 745 P.2d at 622). Because these statements allegedly also occurred during Plaintiff's employment, Plaintiff had the opportunity to litigate these same statements in the previous case. For these reasons, the Court finds res judicata precludes Plaintiff from relitigating her slander claim here.

---

animus in her termination. *See de Jesus I*, 2025 WL 2194794, at *1. Thus, the Court finds equitable tolling does not apply because Plaintiff was previously aware of a claim for discriminatory termination. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (holding that equitable tolling applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." (citation modified)).

Accordingly, Plaintiff fails to state a claim for slander.

**C. Negligence**

Plaintiff alleges that Defendant UnitedHealth Group engaged in a pattern of reckless and negligent conduct" by: (1) "Knowingly disseminating false and defamatory statements about Plaintiff"; (2) "Failing to take reasonable steps to prevent the spread of these statements to third parties"; and (3) "Breaching the written employment contract." (Doc. 1 at 7.) Curiously, Plaintiff states this conduct occurred "on or about May 2, 2025, and continu[ed] thereafter." (Doc. 1 at 7.) However, this contradicts Plaintiff's previous statement that Defendant published these allegedly defamatory statements to third parties "during Plaintiff's employment." (Doc. 1 at 6.) Moreover, Plaintiff's first two allegations are restatements of her negligence claim in the previous case.

In the previous litigation, Plaintiff brought a negligence action against Defendant based on: "Defendant's failure to exercise reasonable care in making and disseminating false and defamatory statements," and Defendant communicating the allegedly defamatory statements to third parties. *See de Jesus II*, 2025 WL 2431790, at *2. The court found that these negligence claims were time barred by the two-year statute of limitations because they were "based on actions in 2021." *Id.*; *see also* Ariz. Rev. Stat. § 12-542 (establishing a two-year statute of limitations for negligence actions).

Given the contradictions in Plaintiff's timeline, and the fact that the first two allegations are near identical recitations of her previous negligence claim, the Court finds that, here, Plaintiff's negligence claim actually references Defendant's 2021 actions, despite Plaintiff's claim that Defendant did so in May 2025. Thus, res judicata precludes these claims and Plaintiff fails to state a claim for relief.

As to the third allegation, the Court finds that this claim is precluded by Arizona's economic loss doctrine. In Arizona, the economic loss doctrine means "a contracting party is limited to its contractual remedies for purely economic loss." *Flagstaff Affordable Hous. Ltd. P'ship v. Design All., Inc.*, 223 P.3d 664, 670 (2010). Thus, Plaintiff cannot bring a negligence claim for economic loss arising from Defendant's alleged breach of the

employment contract.

Accordingly, the Court finds that Plaintiff fails to state a claim for relief for negligence.

### III. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified). Here, Plaintiff cannot cure the above deficiencies because her claims are either precluded or time-barred. Therefore, the Court does not grant Plaintiff leave to amend any of her claims.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED granting** Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2.)

**IT IS FURTHER ORDERED dismissing** without leave to amend Plaintiff's Complaint (Doc. 1).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter final judgment and close the case.

Dated this 12th day of November, 2025.

Honorable Susan M. Brnovich
United States District Judge